## McNamara *v.* McEntee *et al.*

*(Common Pleas of New York City and County, General Term.* April 1, 1889.)

EVIDENCE—PRESUMPTIONS—ACTION ON ACCOUNT.

> One who presents his bill for a certain amount, and compromises for a smaller amount, signing a receipt in full on payment thereof, cannot recover for additional items of the same account not included in the original bill, without proving them, and their omission from such bill, and explaining the omission.

Appeal from district court.

Action by Frank McNamara against James McEntee and another. Defendants appeal.

Argued before DALY and VAN HOESEN, JJ.

*Thomas C. Ennever*, for appellants. *A. H. Reavey*, for respondent.

PER CURIAM. McNamara was employed by the defendants to do certain work on some sewer connections. When the work was completed, he presented a bill for $193, which included a number of items for extra work, and gave credit to the defendants for various payments that they had made on account, so that the balance that he demanded was $30.75. No work was done after the presentation of that bill. There was a dispute between the plaintiff and the defendants as to the balance due. It ended by the offer by the defendants of $25 in settlement of the claim, and the acceptance of that offer by the plaintiff. The plaintiff was very unwilling to take less than the face of his claim, $30.75, but on receiving $25 he signed a receipt in full. A little while afterwards he presented a bill for $17.50, but, as the defendants did not pay it, he increased his demands to $66 in the course of a month, and then brought an action for that amount. On trial no evidence was given in explanation of the augmentation of the bill after it had been paid. Though a person is not estopped from claiming in an action a larger sum than that which he has named in the bill that he has presented before bringing suit, it devolves upon him to prove his right to recover the larger amount; and where the evidence shows beyond dispute that the bill that he originally presented had been paid, he is bound to show that the items he sues for, if in the regular course of business they would have been included, were not embraced in the bill, and a suspicion justly attaches to his case if he does not explain why they were omitted from his original claim.

The plaintiff's case was defective in the respect that we have mentioned. The proof to show that the plaintiff did work to the amount of $242.50 is very unsatisfactory, and no reason is given why the items in suit were left out of the bill that was presented when payment was made. An examination of the various bills rather leads us to the conclusion that the very same particulars are contained in them all, the only difference being that the plaintiff had seen fit in his last bill to swell the number of days on which work is said to have been done. The plaintiff must have known that the termination of the job was when he presented his bill, and how many days he and his men had worked; and it is very singular, to say the least, that he should have understated the time. If a mistake had occurred it would have been easy to prove it; but no explanation was offered, and, when his attention was called to the bills that had been presented, the plaintiff took refuge in a professed ignorance of everything relating to them, though he was compelled to admit that he had been paid according to the figures of his bill of November 12th. The written evidence contained in his own bills must outweigh the plaintiff's testimony until he has explained why he omitted from his earlier bills the charges for days' work that he makes the groundwork for this action. In the absence of evidence showing that the work mentioned in those items was actually done, and that it was not embraced in the bill that was paid, it seems to

us to have been error to give judgment for the plaintiff. The judgment is reversed, and, as we have serious doubts as to the good faith of the claim, we shall not order a new trial in the district court.